**[J-25-2021] [OAJC: Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| SHARLEEN M. RELLICK-SMITH, | : | No. 23 WAP 2020 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Superior Court entered March 31, |
| | : | 2020 at No. 919 WDA 2019, |
| v. | : | affirming the Order of the Court of |
| | : | Common Pleas of Indiana County |
| | : | entered March 25, 2019 at No. 32- |
| BETTY J. RELLICK AND KIMBERLY V. | : | 14-0490 |
| VASIL, | : | |
| | : | ARGUED: April 14, 2021 |
| Appellees | : | |

## CONCURRING OPINION

**JUSTICE DONOHUE**                    **DECIDED: OCTOBER 20, 2021**

Although I agree with the Opinion Announcing the Judgment of the Court ("OAJC") that the coordinate jurisdiction rule applies in this case such that Judge Bianco, the second trial judge assigned to this matter, was precluded from allowing the Appellees to amend their answer to assert a statute of limitations defense, I reach that conclusion for reasons different than those expressed by the OAJC.

At the outset, it must be recognized that poor pleading practice permeated this case, and in large part, these missteps and the efforts made to overlook them coalesced to bring the question at issue in this appeal before the Court. The errors begin with the Appellees, the defendants in the trial court, filing a motion to dismiss; a motion that does not exist in Pennsylvania's civil practice. Judge Hanna disposed of this motion without comment on the anomaly by finding that the plaintiff, Appellant here, lacked standing to

bring the lawsuit and that the statute of limitations defense was waived for failure to plead it as new matter. Trial Court Op., 6/22/2015, at 3 & n.3. On appeal from the standing ruling, in an attempt to shoehorn this procedural anomaly into established civil procedure, the Superior Court treated the motion as if it were preliminary objections. *See Rellick-Smith v. Rellick*, 147 A.3d 897, 900 n.9 (Pa. Super. 2016) ("The Motion to Dismiss was essentially in the form of a preliminary objection; we will treat it as such."). Back before the trial court, the Appellees again attempted to raise the statute of limitations defense by filing a motion to amend their answer to raise the statute of limitations as a defense, four years later and on the eve of trial. The allowance of that amendment brought the case before the Superior Court once again and ultimately before this Court, where the OAJC, as well as Chief Justice Baer and Justice Mundy in their dissenting opinions, rebrand the Appellees' problematic initial filing as a motion for judgment on the pleadings.[1] I agree that the problematic filing is properly characterized as a motion for judgment on the pleadings, but the OAJC and the dissenting voices here fall short of registering the full effect that this motion for judgment on the pleadings has on the disposition of the case.[2]

---

[1] Appellees, too, have recognized that a motion to dismiss is not recognized in this jurisdiction's civil practice and that the filing would have rightly been called a motion for judgment on the pleadings. Appellees' Brief at 3 n.2. Although improperly designated by the Appellees, because the motion was filed after the close of the pleadings and it sought a dispositive ruling, it is properly deemed to be a motion for judgment on the pleadings. *See* Pa.R.C.P. 1034.

[2] The OAJC suggests that my approach addresses a procedural issue that exceeds the scope of the question before the Court. *See* OAJC at 19 n.12. Although I address the procedural steps of this matter in the trial court, I do so only as a means of placing the issue before us within the framework of Pennsylvania's civil practice, which provides the context for its resolution.

The issue before the Court asks whether Judge Bianco's order permitting Appellees to amend their answer and raise the statute of limitations as a defense violated the coordinate jurisdiction rule. To answer that question, it is imperative that we establish precisely as to what each jurist ruled. The procedural history establishes that Rellick-Smith filed a complaint and Appellees filed an answer, in which they did not raise any affirmative defenses. *See* Complaint, 10/10/2014; Answer to Complaint, 10/22/2014. Subsequently, Appellees filed their motion for judgment on the pleadings (mischaracterized as a "motion to dismiss"), in which they raised the statute of limitations for the first time as a basis for judgment in their favor. Motion to Dismiss, 2/11/2015, ¶ 6.

Longstanding and sound precedent from our intermediate appellate courts makes clear that raising an affirmative defense in a dispositive motion outside of the pleading cycle is treated as a motion to amend the pleadings. When an affirmative defense that was not properly pled as new matter but subsequently raised in a motion for judgment on the pleadings and is considered by the trial court, the trial court's consideration thereof is treated as the approval of an amendment under Rule of Civil Procedure 1033. *Flora v. Moses*, 727 A.2d 596, 599 (Pa. Super. 1999) (citing *Meridian Oil & Gas Enter., Inc. v. Penn Cent. Corp.*, 614 A.2d 246, 250 (Pa. Super. 1992)); *see also Paravati v. Port Auth. of Allegheny Cty.*, 914 A.2d 946, 952 (Pa. Commw. 2006) ("It has been held … that where a party raises a statutory affirmative defense at a later stage of the proceedings and the trial court considers it, the consideration is treated as approving an amendment under Pa. R.C.P. No. 1033."). Stated another way, an affirmative defense raised, not in a responsive pleading but at a later stage of a case, is treated as a request to amend its answer to assert that defense. *Flora*, 727 A.2d at 599 ("The court's consideration of the

… defense upon a motion for judgment on the pleadings equates to an approval of an amendment to the pleadings.").

This case presents the correlative situation: when a party raises an affirmative defense for the first time in a dispositive motion after the close of pleadings and the trial court refuses to consider it because of the pleading failure, is the refusal a denial on a motion to amend? The answer must be yes. Raising the defense out of time in a dispositive motion is either the equivalent to a motion to amend or it is not. There is no principled reason to treat differently the out-of-sequence raising of the affirmative defense as a motion to amend based on the trial court's decision on the merits of allowing or disallowing the amendment. Here, Appellees raised the statute of limitations defense for the first time in the motion for judgment on the pleadings. Judge Hanna could have considered the statute of limitations in deciding the dispositive motion. If she had done so, the answer would have been amended. Instead, Judge Hanna refused to consider the affirmative defense, finding it waived based on the Appellees' failure to plead it in new matter. Judge Hanna's ruling was thus a denial of the motion to amend.[3]

Viewed in the appropriate context, there is no question that the second trial judge in this case was asked to do precisely what Judge Hanna refused to do: allow an amendment of the Appellees' answer to raise the affirmative defense of the statute of limitations. And by granting the motion to amend, he altered Judge Hanna's

---

[3] I reiterate that I focus on these procedural rigors as a means of placing the issue before the Court in the proper context. To that end, and consistent with my chosen framework, I note that no party suggests that Judge Hanna could not have entertained the statute of limitations defense when it was belatedly raised, and the OAJC tacitly acknowledges as much in its conclusion that her decision not to consider it was not an abuse of discretion. *See* OAJC. at 19.

determination that the defense was waived. The coordinate jurisdiction rule provides that where a case is transferred between judges of coordinate jurisdiction, a subsequent jurist should not alter the determination of a prior jurist. *Zane v. Friends Hosp.*, 836 A.2d 25, 29 (Pa. 2003). The rule acts "to protect the expectations of the parties, to insure uniformity of decisions, to maintain consistency in proceedings, to effectuate the administration of justice, and to bring finality to the litigation." *Id.* In service of these goals, the coordinate jurisdiction rule is subject to exception only in "exceptional circumstances," such as 1) where there is an intervening change in the controlling law, 2) a substantial change in the facts or evidence giving rise to the dispute, or 3) where the prior holding was clearly erroneous and would create a manifest injustice if followed. *Commonwealth v. Starr*, 664 A.2d 1326, 1332 (Pa. 1995).

The only recognized exceptional circumstance that is potentially applicable in this case is the third: the prior holding was clearly erroneous and would create a manifest injustice if followed. Given our well-established rule that motions to amend should be liberally granted, *Noll v. Harrisburg Area YMCA*, 643 A.2d 81, 84 (Pa. 1994), Judge Hanna's refusal to allow the Appellees to amend their answer to raise the statute of limitations as an affirmative defense was clearly erroneous.[4] However, in this case, following Judge Hanna's ruling would not create a manifest injustice. The Appellees waited four years and until the eve of trial to attempt to again raise the defense. As developed by Rellick-Smith, the passage of time impacted her ability to reconstruct the

---

[4] In fairness to Judge Hanna, she may have decided that in light of her conclusion that the Appellees lacked standing, the statute of limitations defense was irrelevant to her disposition. However, this is not what she ruled. Instead, she found waiver and did not allow the defense to be raised.

circumstances impacting facts required under the discovery rule since much depended on the memory of witnesses. *See* Rellick-Smith's Brief at 22-23. Moreover, given the inordinate delay in attempting again to raise the defense, no manifest injustice would ensue if the parties were required to try their cases on the merits and based on the evidence developed over many years of litigation in this case. Thus, in my view, the coordinate jurisdiction rule prohibited Judge Bianco from altering Judge Hanna's decision that the statute of limitations defense was waived and no exceptional circumstances exist to support an exception to the application of the coordinate jurisdiction rule.

Further, I disagree with both the OAJC and the Dissenting Opinions to the extent that they advance the idea that the procedural posture of a case is a relevant consideration in a coordinate jurisdiction rule analysis. *See* OAJC at 14 ("Thus, in *Ryan*, our decision was not based solely on the fact that the decisions were issued at different stages of trial."); Dissenting Op. (Baer, C.J.) at 3-4; Dissenting Op. (Mundy, J.) at 1. Our precedent teaches that the application of the rule may incidentally be impacted by the procedural posture but only to the extent that a different procedural posture resulted in the development of additional evidence and facts impacting the case between the rulings, or another "exceptional circumstance" existed.

In its discussion of the cases cited by Appellees for the proposition that the procedural posture of a case impacts the application of the coordinate jurisdiction rule, *Riccio v. American Republic Insurance Company*, *Ryan v. Berman*, and *Gerrow v. John Royle & Sons*, the OAJC recognizes that it was not the differing procedural posture alone that took these cases outside of the coordinate jurisdiction rule. *See* OAJC at 11-16. As the OAJC identifies, present in each case is one of the "exceptional circumstances" that

remove a matter from the application of the coordinate jurisdiction rule. In *Riccio*, we found that the first trial court's holding, which ignored the purpose and effect of Pa.R.C.P. 227.1(a)(1) (governing post-trial motions), was clearly erroneous and to allow it to stand would cause the injustice of preventing effective post-trial proceedings. *Riccio v. Am. Republic Ins. Co.*, 705 A.2d 422, 425-26 (Pa. 1997). The lead opinion in *Gerrow* reveals two bases for the conclusion that the coordinate jurisdiction did not apply, the first of which was an erroneous ruling by the first jurist, which was "unreasonable" to a point of becoming a "manifest injustice," thereby satisfying *Starr*'s requirement of an exceptional circumstance that renders the coordinate jurisdiction rule inapplicable. *Gerrow v. John Royle & Sons*, 813 A.2d 778, 782-83 (Pa. 2002) (plurality).[5] In *Ryan*, "abundant" evidence was presented between the first and second rulings so as to remove the matter from the application of the coordinate jurisdiction rule. *Ryan v. Berman*, 813 A.2d 792, 795 (Pa. 2002).

The "exceptional circumstances" in these cases are what negated the applicability of the coordinate jurisdiction rule; the change in their procedural postures was irrelevant. In some cases, the procedural posture may be different, but it is not a dispositive factor. It is not unusual for a court to overrule the prior ruling of a court of coordinate jurisdiction when there has been no advancement in the procedural posture, so long as there is an intervening circumstance (such as a change in the evidence or legal authority) that compel a different conclusion. *See, e.g.*, *Nobles v. Staples, Inc.*, 150 A.3d 110, 119 (Pa. Super. 2016) ("[A] trial court may reconsider a summary judgment motion, already

---

[5] The second basis was the difference in procedural posture at the time. *Gerrow v. John Royle & Sons,* 813 A.2d 778, 782-83 (Pa. 2002) (plurality).

decided by a colleague of the same court when the motion contains new evidence or facts of record."); *Elec. Lab. Supply Co. v. Cullen*, 712 A.2d 304, 307 (Pa. Super. 1998) (holding second judge's grant of summary judgment proper despite prior judge's denial of summary judgment because second judge was presented with new evidence when deciding the motion).

In *Riccio*, this Court stated that when determining whether the coordinate jurisdiction rule applies, "this Court looks to where the rulings occurred in the context of the procedural posture of the case." *Riccio*, 705 A.2d at 425. This statement is a recognition that a different procedural posture reflects the progression of a case which may give rise to exceptional circumstances making the coordinate jurisdiction rule inapplicable. To read this otherwise is to suggest, for example, the following. A party files an unsuccessful motion for judgment on the pleadings. Immediately thereafter, without a change in the law or engaging in any discovery to further develop the evidence, the same party files a motion for summary judgment on the same basis as the prior motion. If the procedural posture controls the applicability of the coordinate jurisdiction rule, a new judge could grant the summary judgment motion. This is decidedly impossible under the coordinate jurisdiction rule. The sum of our precedent establishes that the coordinate jurisdiction rule applies regardless of the procedural posture of the case unless there has been a change in the law, a change in the facts or the initial ruling was clearly erroneous and following it creates a manifest injustice.

Returning to the case presently before us, I conclude that Judge Hanna's ruling on Appellees' motion for judgment on the pleadings was a denial of a request to amend their answer. For Judge Bianco to entertain a subsequent motion to amend, the Appellees

were required to establish that the ruling was clearly erroneous and following it would create manifest injustice. Here, although Judge Hanna's ruling was clearly erroneous, no manifest injustice is created by following it. Thus, Judge Bianco was bound by it.

For these reasons, I concur in the result reached by the OAJC.